# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARVIN ALLAN DEVRIES,<br><br>Plaintiff,<br>vs.<br><br>DAVID DRIESEN, PATRICK J. HOYE, STEVEN L. PONSETTO, and THE STATE OF IOWA,<br><br>Defendants. | No. C 13-4019-MWB<br><br>ORDER REGARDING DEFENDANTS' MOTION TO DISMISS |

This case is before me on Defendants' Motion to Dismiss, filed on March 15, 2013 (docket no. 4). Plaintiff, Marvin DeVries (DeVries), filed a Resistance to Defendants' motion on April 16, 2013 (docket no. 9), and Defendants filed a Reply on May 2, 2013 (docket no. 12). For the reasons discussed below, Defendants' motion is granted.

In his Complaint, DeVries alleges injuries arising from an incident in which an Iowa State Patrol officer entered DeVries's home following a traffic stop, smashed DeVries's head into a table and the floor, and later drafted false reports about the incident. Based on these allegations, DeVries sued Defendants—the patrol officer, an Iowa State Patrol colonel, the Commissioner of the Iowa Department of Public Safety, and the State of Iowa—asserting a number of claims: assault and battery, deprivation of state constitutional rights, defamation, abuse of process, and violation of federal civil rights under 42 U.S.C. § 1983. But only one of DeVries's claims—his claim under 42 U.S.C. § 1983—invokes federal question jurisdiction under 28 U.S.C. § 1331. All of

DeVries's other claims are state-law claims, which I may hear only if I have supplemental jurisdiction over them under 28 U.S.C. § 1367(a).

Defendants move to dismiss DeVries's § 1983 claim because it was filed after the statute of limitations had run. In his Complaint, DeVries claims that he was injured "on or around September 29, 2010" (docket no. 2, ¶ 17). DeVries filed his Complaint on February 14, 2013, more than two years and four months after his alleged injury. Iowa's two-year statute of limitations under Iowa Code § 614.1(2) applies to DeVries's § 1983 claim. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). Specifically, Iowa Code § 614.1(2) provides:

> Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
>
> . . .
>
> 2. Injuries to person or reputation—relative rights—statute penalty. Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years.

Thus, DeVries plainly filed his Complaint after the two-year statute of limitations had run.

DeVries does not dispute that he filed his Complaint outside the statute of limitations. Rather, DeVries argues that the two-year statute of limitations should be tolled or extended because DeVries chose to file his § 1983 claim after exhausting his state administrative remedies, which is required for some of his state-law claims. But DeVries is not required to exhaust his state administrative remedies before bringing a § 1983 claim in federal court. *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982). In other words, nothing prevented DeVries from filing his § 1983 claim within the two-year statute of

2

limitations. Thus, the fact that DeVries had to exhaust state administrative remedies on other claims does not toll or extend the statute of limitations on his federal § 1983 claim. *See Lown v. Brimeyer*, 956 F.2d 780, 781-82 (8th Cir. 1992) (refusing to toll the statute of limitations under Iowa law for a plaintiff's federal § 1983 claim when the plaintiff's state-law claims did not prevent him from timely commencing his federal suit).

Still, DeVries argues that I should extend the statute of limitations by six months under Iowa Code § 669.13.[1] Iowa Code § 669.13 allows plaintiffs, in certain circumstances, to extend the statute of limitations applicable under the Iowa Tort Claims Act (ITCA) by six months. Section 669.13 is a specific statute of limitations applicable to the ITCA, whereas § 614.1(2) is Iowa's general statute of limitations applicable to personal injuries sounding in tort. The United States Supreme Court has long recognized that the appropriate statute of limitations for a federal § 1983 claim is the corollary state statute of limitations for "*[g]eneral* personal injury actions, sounding in tort . . . ." *Wilson v. Garcia*, 471 U.S. 261, 279 (1985) (emphasis added). The Supreme Court has also noted that the statute of limitations applicable to § 1983's state-law analogs does not govern federal § 1983 claims: "[W]e are satisfied that Congress would not have characterized § 1983 as providing a cause of action analogous to state remedies for wrongs committed by public officials." *Id.* Unsurprisingly, then, DeVries cites no authority suggesting that the ITCA's specific statute of limitations provisions apply to federal § 1983 claims. Because the law is clear that Iowa Code §

---

[1] DeVries also claims a six month extension under Iowa Code § 670.13(1) (docket no. 9-1, at 7). There is no such section. Section 670.13 has no subdivisions, and it is not a statute of limitations. It provides: "A default judgment shall not be taken against an employee, officer, or agent of a municipality unless the municipality is a party to the action and the time for special appearance, motion or answer by the municipality under rule of civil procedure 1.303 has expired." Iowa Code § 670.13.

3

614.1(2) is the applicable statute of limitations, I find that DeVries's § 1983 claim must be dismissed as it was filed after the two-year statute of limitations had run. *Wycoff*, 773 F.2d at 984.

Because I dismiss DeVries's § 1983 claim, I must next decide whether to retain jurisdiction over DeVries's supplemental, state-law claims. 28 U.S.C. § 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." Because I must dismiss DeVries's only federal claim, I decline to exercise supplemental over DeVries's state-law claims. I find that declining supplemental jurisdiction in this case is especially appropriate given that this case is relatively young and there has been no federal litigation over the substance of DeVries's state-law claims.

**THEREFORE,**

DeVries's claim under 42 U.S.C. § 1983 (Division VI) is dismissed with prejudice because it is barred by the statute of limitations. Because I decline jurisdiction over DeVries's state-law claims (Divisions I-V), those claims are dismissed without prejudice. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED** this 20th day of June, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA